GULF, C. & S. F. RY. CO. v. IDEUS et al.

(Court of Civil Appeals of Texas. Austin. April 23, 1913. Rehearing Denied May 21, 1913.)

1. EVIDENCE (§ 482*)—OPINIONS—USAGE.

Where, in an action for injuries to cattle from rough handling in transit, a witness had had considerable experience in shipping cattle over the same route, and detailed facts and circumstances on which his opinion was based, it was proper to permit him to testify that the shipment was handled rougher than was ordinary or usual.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2255; Dec. Dig. § 482.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—EVIDENCE.

Defendant was not entitled to object to the admission of certain evidence on plaintiff's behalf, where similar testimony was given by other witnesses without objection by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. CARRIERS (§ 228*) — TRANSPORTATION OF LIVE STOCK—DELAY.

Where, in an action against a carrier for delay in transporting cattle to market, plaintiff claimed that by reason of the delay he was compelled to sell on the evening market, which was lower than the morning market, and that if the cattle had been transported promptly they would have reached their destination in time for the morning market, evidence as to the difference between the market price of the cattle in the morning and the evening was competent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

4. EVIDENCE (§ 525*)—EXPERTS—OPINION—APPEARANCE OF CATTLE.

In an action for damages to plaintiff's cattle by delay and rough handling in shipment, evidence of a salesman of nine years' experience in the market to which the cattle had been shipped, after detailing facts and circumstances, that there had been loss because of depreciation in weight and stale appearance of the cattle, due to delay, etc., was proper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2333; Dec. Dig. § 525.*]

5. CARRIERS (§ 228*) — TRANSPORTATION OF LIVE STOCK—DELAY—ROUGH HANDLING—EVIDENCE.

In an action against a carrier for injuries to cattle by delay and rough handling en route, evidence held to warrant a verdict for plaintiff, notwithstanding he accompanied the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

6. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

Where it appears from the whole charge that the jury could not have been misled, the fact that an isolated paragraph may be technically incorrect will not require a reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

7. CARRIERS (§ 230*) — TRANSPORTATION OF LIVE STOCK—INSTRUCTIONS.

In an action for injuries to cattle by delay and rough handling in transportation, an instruction that if the shipment went out from division points on the first train after arrival, and no delay occurred at such places, plaintiff could not recover, notwithstanding the fact that there may have been rough handling and delay, whereby the cattle may have been injured at intervening points along the route, was properly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

Appeal from Llano County Court; A. H. Wilbern, Judge.

Action by Will Ideus and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and W. B. Garrett, of Austin, for appellant. J. H. McLean, of Llano, for appellees.

---

RICE, J. On the 25th of October, 1910, appellee Ideus shipped 120 head of cattle from Llano to Ft. Worth over the Houston & Texas Central and Gulf, Colorado & Santa Fé Railways to market. He alleges that, on account of delay and rough handling, said cattle were damaged in loss of weight and shrinkage and marketable appearance, and, on account of the delay, were sold on a lower market than they would have been, had they been promptly transported, and brings this suit to recover damages therefor.

The Houston & Texas Central answered, pleading that there was no delay or rough handling on its line, and that the shipment was delivered by it to its codefendant in good condition.

The Santa Fé, after general denial, specially pleaded that it received said cattle under written contract, whereby it undertook to transport same from Lampasas to Ft. Worth, which it did in the ordinary and usual time, without delay and in good condition; that said contract provided that said cattle were not to be transported nor delivered at any particular time, nor for any particular market; that said shipment was transported by the first train going out after receipt thereof; that there was no unnecessary or unreasonable delay at any point on its line; and that said shipment was handled with ordinary care and all reasonable dispatch.

A jury trial resulted in a verdict and judgment in favor of appellee against appellant for the sum of $175, together with interest to date thereof, aggregating $195.70, and in favor of the Houston & Texas Central Railway Company, from which judgment this appeal is prosecuted alone by appellant.

The evidence discloses that this shipment left Llano on the morning of the 25th of October, and in the ordinary course of transportation should have reached Ft. Worth by 8 o'clock next morning, but did not in fact do so until 1:30 p. m.; that, in addition to such delay, there was rough handling of the cattle en route, by reason of which they lost in weight and appearance, which diminished their market value; that the market was lower in the afternoon than in the forenoon of said day, by reason of which said cattle brought less than they would if sold upon the morning market.

[1, 2] We do not think there was any error in permitting the witness Smith to state that this shipment was handled rougher than is usual and ordinary, for the reason that it appears that said witness detailed, in connection with said statement, the facts and circumstances upon which the same was based. In addition thereto it was shown that he had had considerable experience in shipping cattle over this route. Apart from this, however, it appears that similar testimony was given by other witnesses without objection on the part of appellant.

[3] Nor do we think there was error in permitting the witness Rogers to testify as to the difference between the morning and evening market, as we think it was competent to show such difference by any witness who knew the facts. Appellee's contention was that by reason of the delay in shipment he was compelled to sell on the evening market, which was lower than the morning market, and that if the cattle had been transported promptly they would have reached Ft. Worth in time for the morning market. This evidence was competent and, we think, admissible for the purpose for which it was offered. Moreover, three other witnesses were permitted, without objection, to testify to the same fact.

[4] We do not think there was any error in permitting the witness Chesser to express an opinion with reference to the loss in weight and the stale appearance of a delayed shipment, and the consequent effect upon its market value, for the reason that it appears that he was an expert, with nine years' experience as a cattle salesman at Ft. Worth, to which market the cattle had been shipped, he having made a detailed statement of the facts and circumstances upon which said opinion was predicated, for which reason we overrule the third assignment.

[5] The evidence on the part of the plaintiff having shown rough handling and ill treatment and delay en route to this shipment, by reason of which one of said animals died, and the weight of the others was diminished and their salable appearance affected, from which appellee suffered damage, the court did not err in overruling appellant's motion for new trial, on the ground of the insufficiency of the evidence to warrant the verdict, notwithstanding the fact that appellee accompanied the shipment. We therefore overrule the fourth assignment.

[6] We think it is evident from the charge as a whole that the jury must have understood that before they could find for appellee they must have believed that appellant was guilty of negligent delay, whereby the cattle failed to arrive in Ft. Worth in time to be sold upon the morning market. We therefore overrule the seventh assignment, which contends that the court assumed that appellant was guilty of negligence in this respect. It is elementary that if it appears from the whole charge that the jury could not have been misled then, notwithstanding the fact that an isolated paragraph thereof may have been technically incorrect, no error is shown that would require reversal.

[7] Special charge 1, requested by appellant, we think was properly refused, for the reason that it denied a recovery on behalf of the plaintiff, if it appeared that the shipment went out from the division points on the first train after its arrival at such points, and no delay occurred at such places, notwithstanding the fact that there may have been rough handling and delay, whereby said cattle were injured, at intervening points

along its route; and, further, because the law of the case was fully presented by the main charge.

Believing that the evidence is sufficient to support the verdict of the jury, and that the same is in no sense excessive, the judgment of the lower court is affirmed.

Affirmed.